IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RODNEY GATSON,

                              Plaintiff,

          v.                                                    OPINION and ORDER

CATHY A. JESS, RANDALL R. HEPP,                                      21-cv-334-jdp
and CANDACE WHITMAN,

                              Defendants.

---

Pro se plaintiff Rodney Gatson is incarcerated at Fox Lake Correctional Institution. He has filed a civil rights complaint alleging that water at Fox Lake contains unsafe amounts of lead, copper, and other contaminants that pose risks to his health. Gatson's complaint is before the court for screening under 28 U.S.C. § 1915A, to determine whether his complaint should be dismissed as frivolous, malicious, for failure to state a claim upon which relief may be granted, or because Gatson seeks monetary relief from a defendant who is immune from such relief.

As Gatson may be aware, many current and former prisoners have filed lawsuits stating that they were harmed by the water at Fox Lake. I consolidated many of those cases and appointed experts to review water quality and medical/toxicology issues. *See Stapleton v. Hepp*, 16-cv-406 (W.D. Wis.). In a February 7, 2020 order in the consolidated case, I granted summary judgment to the defendants—current and former high-ranking officials at the DOC home office and at Fox Lake, along with grounds superintendents—on the plaintiffs' claims that DOC officials consciously disregarded the risk of harm from the contaminants in the water. *Stapleton v. Carr*, 438 F. Supp. 3d 925 (W.D. Wis. 2020). The undisputed evidence showed that the defendants had not acted with conscious disregard to the water problems at

Fox Lake, but that instead, they had attempted to remediate the lead and copper in the water. *Id.* at 939. In addition, although the evidence showed that prisoners had been subjected to substandard water at Fox Lake, the evidence did not show that the conditions were bad enough to violate their Eighth Amendment rights. *Id.* at 942.

The *Stapleton* decision forecloses Gatson's claims that the high-ranking DOC defendants that he names in his complaint (warden; health services manager; and former DOC secretary) violated his constitutional rights by failing to remediate the contaminated water at the prison. This court has concluded already that the contaminated water at Fox Lake did not amount to an unconstitutional condition of confinement.

The *Stapleton* decision did not resolve claims that individual prisoners received inadequate medical care for problems caused by contaminated water. *Id.* at 942. But Gatson's allegations do not suggest that he suffered any medical problems because of the water or that he was denied medical treatment for any serious medical need. He alleges that he has diabetes, but he does not allege that the water at Fox Lake affected his diabetes or treatment in any way. Accordingly, I will dismiss Gatson's complaint for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Rodney Gatson's complaint is DISMISSED for failure to state a federal claim upon which relief may be granted.

2

2.  A strike shall be recorded in accordance with 28 U.S.C. § 1915(g).

3.  The clerk of court is directed to enter judgment for defendants and close this case.

Entered June 8, 2021.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge